UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RESTORATION INDUSTRY ASSOCIATION INC, <br><br> Plaintiff, <br><br> v. <br><br> THERMAPURE, INC., et al., <br><br> Defendants. | C13-122 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on Defendant's motion to dismiss or, in the alternative, to transfer, docket no. 13.  Having reviewed all papers filed in support of and in opposition to the motion, the Court enters the following order.

Plaintiff Restoration Industry Association, Inc. is a professional trade organization with its principal place of business in Rockville, Maryland.  Complaint at ¶¶ 5, 10, docket no. 1.  Defendant Thermapure Inc. is a corporation with its principal place of business in Ventura, California.  Id. at ¶ 6.  Plaintiff filed this declaratory judgment action seeking a ruling that six of Defendant's patents are invalid on January 22, 2013.  Id. at ¶ 2.

ORDER - 1

On February 14, 2013, Defendant filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and (6), or in the alternative, to transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). Docket no. 13. Plaintiff did not file a response, but did file an amended complaint, adding Mr. David Hedman as a defendant on February 28, 2013. First Amended Complaint, docket no. 16. The amended complaint is intended to cure the deficiencies identified in Defendant's motion to dismiss. Plaintiff's Response to Defendant Thermapure's Reply, docket no. 21.

Defendant filed a reply, reiterating its request that the Court transfer the case to the Central District of California. Docket no. 20. Defendant argues that (1) Plaintiffs have not responded to its motion to transfer, (2) both Thermapure and Mr. Hedman are located in the Central District of California, (3) all of the key witnesses, evidence and other sources of proof are located in the Central District of California, and (4) the Central District of California is the most convenient forum for the witnesses and the parties. Motion to Dismiss or, in the Alternative to Transfer at 9-10; Reply, docket no. 21. Plaintiff then, without notice to the Court, filed a surreply.

I.   **Discussion**

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 18 U.S.C. § 1404(a). Under this statute, the Court has discretion to adjudicate motions for transfer according to an "individualized, case-by-case consideration of convenience and fairness." Jones v. GNC Franchising, Inc., 211 F.3d

ORDER - 2

495, 498 (9th Cir. 2000) (citing Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)); see also Lou v. Belzberg, 834 F.2d 730, 734 (9th Cir. 1987) (noting that review on appeal is for abuse of discretion).

The statute has two requirements: (1) that the district to which Defendants seek transfer is one in which the action "might have been brought," and (2) that the transfer is "for the convenience of the parties and witnesses, and in the interests of justice." Amazon.com v. Cendant Corporation, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005). Here, both Thermapure Inc. and Mr. Hedman are located in the Central District of California. Hedman Decl. at 1, docket no. 14. As such, the suit "might have been brought" in the Central District of California. Thus, the only issue before the Court is whether to transfer the suit "for the convenience of the parties and witnesses, and in the interests of justice." Amazon.com, 404 F. Supp. 2d at 1259.

This declaratory judgment action seeks a ruling that six of Defendant's patents are invalid. Complaint at ¶ 2. Both of the defendants are located in the Central District of California. Hedman Decl. at ¶¶ 2-4. All documents related to the prosecution of the six patents, as well as the attorneys who prosecuted the patents-in-suite are also located in the Central District of California. Id. at ¶¶ 3, 5. Neither Plaintiff's amended complaint nor their surreply dispute these facts. Based on the uncontroverted evidence that the key witnesses and evidence are located in the Central District of California, the Court finds that it will be more convenient for the parties and the witnesses if the case is transferred to the Central District of California. Hedman Decl. at 1-2;

ORDER - 3

## II. Conclusion

Defendant's motion to dismiss or, in the alternative to transfer, docket no. 13, is GRANTED in part and DENIED in part. For the convenience of the parties and witnesses, and in the interest of justice, this case is hereby TRANSFERRED to the United States District Court for the Central District of California. The motion to dismiss is DENIED without prejudice.

Dated this 14th day of March, 2013.

/s/ Thomas S. Zilly
THOMAS S. ZILLY
United States District Judge